527 A.2d 1121

Donald B. Kelly, Petitioner *v.* Workmen's Compensation Appeal Board (A-P-A Transport Corporation), Respondents.

Argued November 20, 1986, before Judges BARRY and PALLADINO (P), and Senior Judge BARBIERI, sitting as a panel of three.

*William Watt Campbell,* for petitioner.

*Robert M. Frankhouser, Jr.,* with him, *William C. McCarty* and *Michael W. Babic, Hartman, Underhill & Brubaker,* for appellee, A-P-A Transport Corporation.

Opinion by Judge Barry, July 2, 1987:

Donald B. Kelly (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's determination that A-P-A Transport Corporation (employer) is entitled to a subrogation interest in the amount of $27,500.00.

It is undisputed that claimant suffered a work-related injury in 1980 for which he received benefits and that these benefits were properly terminated as of April 27, 1983.[1] It is also undisputed that in 1982 claimant settled a third party suit stemming from the same work-related incident. The question which we must decide is whether the employer is entitled to subrogation under the facts of this case.

Section 319 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671 provides in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents.

Claimant argues that the employer is not entitled to subrogation because it failed to act in an equitable manner and he seeks a remand so that a hearing can be held

---

[1] The employer originally filed a termination petition on November 10, 1981.

on this issue. Claimant's request is without merit because our review of the record, reveals that this issue was raised before the referee and, that claimant's attorney was given the opportunity to list all of the reasons why the employer should not be entitled to subrogation. The attorney listed the following reasons:

THE REFEREE: I am now requesting that you give me whatever argument and/or fact situation you believe exists which entitles your client to retain such funds.

MR. MACDONALD: The fact situation and argument that causes us to take that position lie in the facts that the Claimant has been prejudiced by the actions of A-P-A which were all contrary to his efforts to obtain a third-party settlement. His third-party settlement would have been of a much higher amount if he had not also then been fighting A-P-A. A-P-A not only did not cooperate but they withheld things that we needed. We were forced to subpoena records from A-P-A. We while trying to demonstrate an injury on one hand were constantly fighting a situation where A-P-A was demonstrating no injury on the other hand. And it's hard for a man with no injury to collect a personal injury award. If A-P-A had met their obligations and paid compensation during the period of this settlement and not have demonstrated no injury, we would have been able to demonstrate injury more effectively for a higher award. As a result, we may have gotten an extra thirty thousand dollars or more.

The referee found these allegations legally insufficient to support a denial of the employer's subrogation interest. We agree.

Claimant requests a hearing on this issue but does not propose to introduce any new evidence to show the

employer's bad faith. He relies instead exclusively on the allegations contained in the above quoted statement and maintains that the employer has forfeited its right to subrogation because it failed to act in an equitable manner. In support of this argument claimant essentially relies on two cases, *Meehan v. City of Philadelphia,* 184 Pa. Super. 659, 136 A.2d 178 (1957) and *Curtis v. Simpson Chevrolet,* 348 F. Supp. 1062 (E.D.Pa. 1972).

In *Meehan* the City of Philadelphia and one of its policemen who was injured while on duty, filed a joint suit against a third party. Under the terms of a settlement agreement the city agreed to accept $500.00 from the third party in satisfaction of its subrogation claim. The policeman settled his claim for $2,500.00. After this settlement was reached, the city filed a petition contending it was entitled to credit for the settlement sum received by the policeman. Based on these facts, the court held that in compromising its action against the third party, the city gave up its subrogation rights and it was not entitled to receive any share of the policeman's settlement. Clearly, that holding is limited to the particular facts in *Meehan* and is therefore easily distinguishable from the case at hand where no joint action was undertaken by the parties. We find *Curtis,* the second case cited by the claimant, even less convincing than *Meehan.* Not only did the court in *Curtis* hold that the employer should *not* be denied its subrogation rights on grounds that it failed to provide assistance to the employee pursuing a third party action, but it also specifically stated that any allegation of wrongdoing by the employer must be weighed against the plain wording of the statute which gives the employer an unqualified right to subrogation.

Having carefully reviewed the record, we conclude that claimant's allegations are simply insufficient to deprive the employer of its subrogation interest. Accord-

ingly, we affirm the Board's decision directing claimant to reimburse his employer in the amount of $27,500.00.

ORDER

NOW, July 2, 1987, the order of the Workmen's Compensation Appeal Board at No. A-88777, dated March 7, 1985 is affirmed.