611 A.2d 374

**Raymond BANDOS, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PENNBROOK CORP./ABBOTT DAIRIES),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided July 10, 1992.

200

Vatche Kaloustian, for petitioner.

Audrey L. Jacobsen, for respondent.

Before CRAIG, President Judge, and McGINLEY (P.) and KELLEY, JJ.

KELLEY, Judge.

Raymond Bandos (claimant) suffered a work-related injury on December 21, 1983. The injury occurred when claimant was involved in an automobile accident while driving on company business for Pennbrook Dairies (employer). Claimant missed work from December 22, 1983 through January 2, 1984. He returned to work at reduced activity from January 3, 1984 through May 25, 1984, and did not work after May 25, 1984.

Claimant filed a claim petition on October 7, 1985, and presented medical testimony in support of the petition. Employer did not present any medical evidence. At the last hearing before the referee, employer agreed to accept claimant's injuries as compensable subject to recognition of its right to subrogation of a third party recovery which claimant had secured.

The referee issued a decision awarding compensation to claimant. In his fourth conclusion of law the referee stated that employer's contest of the case was unreasonable and he awarded counsel fees pursuant to section 440 of The Pennsylvania Workmen's Compensation Act (Act).[1] Specifically, the referee stated that he "assesses Claimant's counsel fee on a quantum meruit basis at $2,500.00." In the order section of the decision, the referee stated the following:

Defendant shall pay to Claimant's attorney, as a cost under Section 440 of the Act, a counsel fee of twenty percent (20%) of Claimant's lost time award up to a total of $2,500.00 which shall not be deducted from Claimant's award. After the exhaustion of this $2,500.00, Claimant's remaining counsel fee shall be a charge against Claimant's award and shall be deducted from Claimant's compensation.

Claimant appealed the referee's decision to the Workmen's Compensation Appeal Board which affirmed. Employer did not appeal and does not challenge the fact that the contest was unreasonable.

Claimant's sole argument on appeal is that the referee lacked the discretionary authority to limit counsel fees awarded under section 440 to less than the amount to which claimant and his attorney agreed, in this case 20 percent of all compensation awarded. This argument is directly contrary to our recent decision in *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991), where we distinguished between the approval of a contingent fee agreement under section 442 of the Act[2] and the granting of attorney's fees for an unreasonable contest under section 440. Under section 442, the referee must approve the contingent fee agreement and we have held that a 20 percent contingent fee is *per se* reasonable. In a section 440 case, the referee also must determine what is a reasonable fee to add to an award because of an unreasonable contest, and this amount may be less than

1. Act of June 2, 1915, P.L. 736, added by Act of February 8, 1972, P.L. 25, 77 P.S. § 996.
2. Added by Act of February 8, 1972, P.L. 25, 77 P.S. § 998.

the amount claimant would have to pay if there was a reasonable contest. *Id.* We must therefore reject claimant's argument.

Accordingly, we will affirm the order of the board.

## ORDER

NOW, this 10th day of July, 1992, the order of the Workmen's Compensation Appeal Board, dated May 29, 1991, at No. A89–2780, is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. It is true that in *Eugenie* we held that the meaning of "reasonable" in sections 440 and 442 was not to be interpreted as identical for purposes of reliance on our cases holding that a twenty percent fee arrangement is per se reasonable. However, we must be cognizant of the unusual situation presented in *Eugenie.* In that case, the referee's award was for the cost of the claimant's care in a special facility for the rest of his life, made necessary by brain damage suffered in a fall at work. Due to the then-current cost of care at the facility, and the foreseeable rise in cost in the future, this Court was swayed by the fact that Claimant's twenty percent fee agreement with his attorney would produce an attorney's fee of $11,000 per year to begin, with commensurate increase as the cost of care at the facility rose. The referee found that the contest was not a reasonable one, and awarded attorney's fees of twenty percent. The Board reversed, finding that attorney's fees in such a large amount were not reasonable, as mandated by Section 440. In accordance with our decision in *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 84 Pa.Commonwealth Ct. 275, 479 A.2d 661 (1984), we held that the Board's decision should be remanded, as the Board had not made specific findings on the work performed by the attorney, and the record did not reflect the amount and difficulty of the work performed.

I believe that Section 440 does not contemplate that the injured claimant should be forced to mount a defense against a baseless challenge with funds from his own pocket. In the absence of a truly unusual result, the purpose of the Act is best served when a Section 440 award is matched to a Claimant's reasonable fee agreement, and I believe that a twenty percent attorney's fee arrangement is reasonable per se.