## MILTON S. HERSHEY MEDICAL CENTER and the PMA Group, Petitioners,

v.

## WORKMEN'S COMPENSATION APPEAL BOARD (MAHAR), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 1995.

Decided May 25, 1995.

---

1068

Stephen F. Moore, for petitioners.

David H. Rosenberg, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Milton S. Hershey Medical Center (Hershey) and The PMA Group appeal two orders of the Workmen's Compensation Appeal Board (Board) pertaining to a referee's award of attorney's fees to Constance Mahar for Hershey's unreasonable contest under Section 440 of The Pennsylvania Worker's Compensation Act (Act),[1] 77 P.S. § 996.

The following facts are undisputed. Mahar filed a claim petition in April 1989, alleging she suffered an injury to her thumbs and joint bones due to her employment with Hershey. Mahar was represented by counsel under a twenty percent contingency fee arrangement. After evidence including testimony was presented in hearings before the referee, the record was held open for medical opinions. In August 1989, Mahar saw Dr. J. Joseph Danyo for an independent medical examination arranged by Hershey. Dr. Danyo concluded that Mahar's condition was related to her work as a laboratory techni-

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

cian, which work included experiments with equipment such as a "pipette." Simply stated, Mahar's job entailed constant depression of a plunger by the thumb. In October 1989, following Dr. Danyo's report, Hershey ended its contest by forwarding a notice of compensation payable and a check for past due compensation plus interest.

Mahar sought counsel fees and the referee issued a decision denying them, stating that Hershey's contest had been reasonable. Mahar appealed to the Board. The Board remanded the case, concluding that, if Hershey employed those physicians who, before the claim petition was filed, had examined Mahar and opined she had a work-related injury, then the contest was unreasonable. On remand, the referee concluded that the physicians were employees of Hershey and that Hershey had not established reasonable contest. Based on a "reasonable bill for a quantum meruit fee," the referee awarded Mahar's counsel $23,345.60, to be paid by Hershey. Hershey now appeals both orders of the Board to this Court.[2]

■ There are two questions raised in this appeal. First, is any counsel fee properly awarded? Second, is the amount of the fee proper?[3]

■ Hershey's sole contention in opposition to awarding counsel fees is that, until it had the unequivocal report of Dr. Danyo, it was under no duty to pay compensation. Hershey argues that, even though it had a report, dated December 16, 1988, from Dr. Randolph K.M. Wong, an employee of Hershey, that report was equivocal and therefore Hershey's subsequent contest was reason-

able. *See Gunther v. Workmen's Compensation Appeal Board,* 66 Pa.Commonwealth Ct. 487, 444 A.2d 1342 (1982). Dr. Wong's report states:

> This is a report regarding the second visit of Constance Mahar to the Hand Surgery Specialty clinic at the Hershey Medical Center regarding pain in both thumbs. She is a 47 year-old white female lab technician who works in the Physiology Department at the Hershey Medical Center. *She has had pain in both thumbs at the metacarpal phalangeal joints for the past year which is probably resulting from her duties pipetting at work.* She was seen initially by Dr. Kalenak last fall and subsequently by Dr. Banducci on November 3, 1988 and by me on December 15, 1988. My diagnosis is that she has laxity of the capsule and ligaments around the metacarpal phalangeal joints of both thumbs *which is due to constant hyperextension positioning while pipetting....* (Emphasis added).

While it might be arguable that the first portion we have emphasized in the report is possibly equivocal, the second portion emphasized—which Hershey does not mention—is clearly unequivocal. We therefore reject Hershey's argument on this phase of the appeal. Dr. Wong was its employee and from the time he made his report the contest was unreasonable.

■ Hershey's second contention is that the amount of the award, $23,345.60, is "outrageous," and, if an award is made, it should be $1,501.86, which is an amount equal to

---

**2.** Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

**3.** Section 440 of the Act, 77 P.S. § 996, provides in relevant part:
> In any contested case where the insurer has contested liability ... *the employe* ... in whose favor the matter at issue has been finally determined *shall be awarded,* in addition to the award for compensation, *a reasonable sum* for costs incurred for attorney's fee ... *Provided,* That cost for *attorney fees may be excluded*

> *when a reasonable basis for the contest has been established....* (Emphasis added).

Under section 440, the award of attorney's fees is the rule in workers' compensation cases and their exclusion is the exception, to be applied only in cases where the record establishes that an employer's contest is reasonably based. *Cunningham v. Workmen's Compensation Appeal Board (Franklin Steel Co.),* 159 Pa.Commonwealth Ct. 622, 625–626, 634 A.2d 267, 269 (1993). The employer has the burden of presenting sufficient evidence to establish the reasonable basis for its contest. *Id.* Reasonableness of contest is a conclusion of law subject to our review. *Id.*

twenty percent of the $7,509.29 check given to Mahar for past due compensation.

Initially, we note that the $7,509.29 sum should not be used as a reference since it represents only *past due* compensation. It is entirely conceivable that Mahar will receive far more than that amount under the notice of compensation payable.[4]

■ Second, this Court has held that fees of twenty percent are not *per se* reasonable under section 440; they are only *per se* reasonable under Section 442 of the Act, 77 P.S. § 998, which pertains to fee arrangements between a claimant and her attorney. *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991). In assessing the requirement in section 440 that fees be reasonable, the focus is on factual queries as to work performed, which analysis a referee must undertake. *Id.* We stated in *Eugenie:*

> When such a sum is related to the work actually done by the attorney, the purpose of the section is served.... [I]n appropriate circumstances, a Section 440 award may be greater than the amount the claimant would have to pay if a reasonable contest had been presented.... [I]n appropriate circumstances, Section 440 may require attorney's fees in an amount less than twenty percent of the award, if the record shows that twenty percent would be unreasonable.... Under the Act, the referee is given the authority in the first instance to determine what constitutes a reasonable fee....

*Id.* at 57–59, 592 A.2d at 361–362 (emphasis added) (citation omitted).

The majority opinion in *Eugenie* has been followed in cases such as *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 161 Pa.Commonwealth Ct. 89, 636 A.2d 250 (1993), where we held that, as long as the amount and difficulty of the work performed by a claimant's attorney is reasonably related to the counsel fee awarded, this Court will not disturb the referee's fee award. In that particular case, we upheld a fee award equal to twenty percent of all compensation where the referee assessed the amount and difficulty of the work and the fee award was reasonably related to the work performed. *Id.* In *Bandos v. Workmen's Compensation Appeal Board (Pennbrook Corp./Abbott Dairies)*, 149 Pa.Commonwealth Ct. 199, 611 A.2d 374 (1992), we upheld an award of counsel fees based on quantum meruit.

In this case, there is no doubt that sufficient documentation was presented by Mahar's counsel and that the referee, as in *Elite Carpentry* and *Bandos*, properly performed his task under *Eugenie*. It is not for Hershey to decide whether Mahar's counsel merits the amount awarded. We note that, unlike several other cases beginning with *Eugenie*, it is unclear here whether the counsel fee award paid by the employer will be less than, equal to or greater than the claimant's actual obligation to her counsel. This is because it is unclear what Mahar's total compensation eventually will be. Such uncertainty, coupled with the fact that the referee based the award on documentation and quantum meruit, refutes Hershey's argument that the amount granted here is a "punitive" award, which has been proscribed by *Eugenie*.

Finally, Hershey argues that the referee improperly awarded counsel fees for legal work performed after Hershey agreed to pay compensation. *See Weidner v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 442 A.2d 242 (1982). However, *Weidner* is distinguishable in that it involved an attorney who secured a *suspension* for his client and acted on his own behalf in seeking counsel fees thereafter. The Supreme Court held that "[o]n this record ... counsel's representation of the claimant's interests did not extend beyond the initial referee's hearing." *Id.* at 523, 442 A.2d at 245. Here, by contrast, Mahar's counsel was representing Mahar's interest at all times. Mahar's counsel had a fee arrangement with Mahar; therefore, Mahar

4. Of course, Mahar will not have to pay her counsel any amount, including any portion of her compensation, until the amount to which her counsel is entitled under their fee arrangement exceeds $23,345.60, assuming that event arises.

had a material interest in all proceedings subsequent to the notice of compensation, since she would be relieved of the burden of paying counsel fees for what was an unreasonable contest.[5] All of the actions by Mahar's counsel have been directed toward gaining compensation for Mahar, obtaining counsel fees for the original claim action that necessitated retention of counsel, and holding on to those counsel fees against the arguments of Hershey that no counsel fees were due.

Accordingly, the orders of the Board are affirmed.

### ORDER

AND NOW, this 25th day of May, 1995, the orders of the Workmen's Compensation Appeal Board, No. A93–2646, dated November 2, 1994, and No. A91–0789, dated December 3, 1992, are hereby affirmed.

**5.** For an interesting and informative discussion of *Weidner* indicating instances where claimants have interests and, therefore, counsel fees are recoverable, *see Allums v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 110 Pa.Commonwealth Ct. 444, 532 A.2d 549 (1987).