### Gordon ANDERSON, Petitioner,

v.

### WORKMEN'S COMPENSATION APPEAL BOARD (WATKINS MOTOR LINES), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.

Decided Feb. 8, 1996.

---

J. Michael Ruttle, for Petitioner.

Jennifer Chun Strawn, for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77

KELTON, Senior Judge.

Claimant Gordon Anderson petitions for review of the June 2, 1995 order of the Workmen's Compensation Appeal Board (Board) affirming Workers' Compensation Judge (WCJ) McManus' assessment of attorney fees against Employer Watkins Motor Lines in the amount of $1,995.00 as a "reasonable sum" pursuant to Section 440 of the Workers' Compensation Act (Act).[1] We affirm.

### Issue

The sole issue before us for review is whether WCJ McManus erred in awarding Claimant attorney fees based on a *quantum meruit* analysis of the actual work performed by Claimant's counsel instead of on the twenty percent contingency fee agreement signed by Claimant and approved by WCJ McManus.

### Facts

On September 27, 1993, Claimant injured his back while working. Claimant's claim was initially processed in New Jersey but Claimant eventually filed a claim petition in Pennsylvania which Employer contested. On June 1, 1994, Employer abandoned its contest and issued a notice of compensation payable. WCJ McManus determined that Employer's contest of Claimant's claim was unreasonable and awarded attorney fees. The fee agreement between Claimant and his counsel provided in paragraph 3c that Claimant would pay twenty percent "of all medical and disability benefits received by Client," and in paragraph 6 that all services not specifically provided for are chargeable to Claimant at the hourly rate of one hundred fifty dollars. (R.R. 14—15a.)

Although WCJ McManus "approved" the twenty percent fee agreement between Claimant and his counsel, (Conclusion of Law No. 7), he ordered Employer to pay Claimant's attorney fees on a *quantum meruit* basis, taking into account counsel's $150.00 hourly rate and the 13.3 hours spent working

P.S. § 996.

on Claimant's case. This amounted to $1,995.00 in attorney fees. Claimant appealed this award to the Board and it affirmed. Claimant now appeals to this Court.[2]

### Discussion

Claimant argues that attorney fees cannot be both reasonable under Section 442 of the Act and unreasonable under Section 440. He contends that Section 442 specifically allows for contingency fee agreements of twenty percent between a claimant and his counsel and that such agreements are reasonable *per se*. Section 440, however, requires that when attorney fees are to be paid by an employer for an unreasonable contest, the WCJ must determine how much is to be paid on a quantum meruit basis. As to fee agreements between a claimant and his or her counsel, Section 442 provides in pertinent part:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

77 P.S. § 998.

As to counsel fees to be assessed against an insurer or employer, Section 440 allows for a "reasonable sum" to be paid by Employer for Claimant's attorney fees if Employer's contest is unreasonable. Section 440, recently amended by the 1993 amendments to the Act and effective August 31, 1993, provides in pertinent part:

> (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

> (b) *If counsel fees are awarded and assessed against the insurer or employer, then the referee must make a finding as to the amount and the length of time for which such counsel fee is payable based upon the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended....*

77 P.S. § 996 (emphasis added).

We recognize that an argument can be made that what is reasonable under one section of the Act for one party should be reasonable under a different section of the Act for a different party. *See, e.g., Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa. Cmwlth. 51, 592 A.2d 358, 363 (1991). However, we cannot reject the logic of treating the two parties differently.

The amendment to subsection (b) of section 440 appears to have codified the common law established by this Court in *Eugenie.* There we stated that an attorney fee to be paid by an employer "is limited by the express language of Section 440 to a 'reasonable sum'. When such sum is related to the work actually done by the attorney, the purpose of the section is served." *Id.,* 592 A.2d at 361. We held that "in appropriate circumstances, Section 440 may require attorney's fees in an amount less than twenty percent of the award, if the record shows that twenty

---

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro),* 132 Pa. Cmwlth. 288, 572 A.2d 843 (1990).

percent would be unreasonable." *Id.* 592 A.2d at 362. We further stated as follows:

> Under the Act, the [WCJ] is given the authority in the first instance to determine what constitutes a reasonable fee. In doing so, the [WCJ] may, of course, take into account any fee agreement between the attorney and claimant, the legislative declaration of reasonableness, as well as the other factors discussed in our cases. His finding is a conclusion of law and is reviewable by the Board and by this Court.

*Id.*

In *Milton S. Hershey Medical Center v. Workmen's Compensation Appeal Board (Mahar)*, 659 A.2d 1067 (Pa.Cmwlth.1995), we explained our holding in *Eugenie:* "In assessing the requirement in section 440 that fees be reasonable, the focus is on factual queries as to work performed, which analysis a [WCJ] must undertake." *Hershey Medical Center*, 659 A.2d at 1070.

Employer argues that WCJ McManus properly considered and made specific findings on the time, skill and effort actually expended by Claimant's counsel and contends that these findings are supported by substantial evidence. Therefore, Employer argues, WCJ McManus' award of $1,995.00 may not be disturbed on appeal. We agree. "As long as the amount and difficulty of the work performed by Claimant's attorney is reasonably related to the fee awarded, this court will not disturb the [WCJ's] award." *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 161 Pa.Cmwlth. 89, 636 A.2d 250, 253 (1993).

Claimant contends that WCJ McManus abused his discretion in concluding as a matter of law that the attorney fees approved as reasonable under Section 422 of the Act are simultaneously unreasonable under Section 440 of the Act. We disagree with Claimant's interpretation of WCJ McManus' findings. WCJ McManus did not find that a twenty percent fee is unreasonable under Section 440 of the Act as a matter of law. He found that, under the circumstances presented in this case, an award of counsel fees based on the actual time and energy expended by counsel was reasonable. WCJ McManus made the appropriate analysis required by section 440. His finding is supported by substantial evidence of record. *See* Exhibit C–2. Therefore, we may not disturb it on appeal.

Based on the language of Section 440 and also, *Eugenie* and its progeny, WCJ McManus' award of attorney fees in the amount of $1,995.00 is reasonable. Therefore, for the reasons stated above, we affirm the order of the Board.

### ORDER

**AND NOW,** this 8th day of February, 1996, the order of the Workmen's Compensation Appeal Board dated June 2, 1995 at No. A94–2387 is hereby affirmed.