**John NICHOLS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (RAMSEY CONSTRUCTION and Motorists Mutual Insurance Co.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 20, 1998.

Decided June 3, 1998.

Richard S. Belkin, Pittsburgh, for petitioner.

No appearance entered for respondents.

Before COLINS, President Judge, and SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

John Nichols, through his counsel (counsel), petitions this Court for review of a Workers' Compensation Appeal Board (Board) order that affirmed a Workers' Compensation Judge's (WCJ) decision insofar as it awarded counsel fees for unreasonable contest on a quantum meruit basis.

Nichols suffered a work-related injury on September 19, 1994. Employer Ramsey Construction accepted liability. In her decision dated January 18, 1996, the WCJ noted that the only issue to be decided was Nichols' request for counsel fees for an unreasonable

contest. The WCJ then made the following pertinent findings of fact.

12. Claimant has submitted an affidavit in support of the motion for attorney fees to be assessed against defendants on the basis of an unreasonable contest.

13. Claimant's counsel has submitted a time itemization in support of their claim for attorney's fees for an unreasonable contest. This judge finds that reasonable attorney fees is [sic] $2310.00. (15.40 hours × $150.00 per hour)

He also made these relevant conclusions of law.

2. The defendant/employer did not have a reasonable basis to contest this matter.

3. Claimant is entitled to his full compensation rate undiminished by attorney's fees.

4. Claimant's counsel is entitled to $2310.00 as a reasonable attorney fee.

(WCJ's decision dated 1/18/96, pp. 4–6).

After the Board affirmed the WCJ's decision, Nichols' counsel filed a petition for review with this Court. He now asks whether the WCJ erred in deciding that the amount assessed Employer for an unreasonable contest is likewise his reasonable attorney's fee, where the WCJ failed to approve the 20% contingency fee agreement between him and Nichols.[1]

---

1. Section 440 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996 provides:

(a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, *the employee or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee,* witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

(b) If counsel fees are awarded and assessed against the insurer or employer, then the workers' compensation judge must make a finding as to the amount and the length of time for which such counsel fee is payable based upon

the complexity of the factual and legal issues involved, the skill required, the duration of the proceedings and the time and effort required and actually expended. If the insurer has paid or tendered payment of compensation and the controversy relates to the amount of compensation due, costs for attorney's fee shall be based only on the difference between the final award of compensation and the compensation paid or tendered by the insurer.

(Emphasis added).

Section 442 of the Act, 77 P.S. § 998 provides in part as follows.

*All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded.* The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

Counsel argues that the WCJ's legal conclusions prove that she confused "the concept of a reasonable amount of an award for an unreasonable contest under Section 440 with the concept of a reasonable attorney fee pursuant to Section 442." (Petitioner's brief, p. 6). Counsel further asserts that, because a 20% contingency fee agreement is per se reasonable, the WCJ should not have decided that he was only to be paid the $2310.00 quantum meruit award for an unreasonable contest, where that award is less than 20% of the amount due Nichols. Counsel now asks us to modify the WCJ's decision such that "full effect" is accorded to the quantum meruit award *and* the contingency fee agreement. According to Counsel, a decision to do otherwise could have a "chilling effect" on all claimants' attorneys' requests for counsel fees under section 440, since approvals of their fee agreements under section 442 may in turn be limited to lesser amounts—*i.e.,* that which employers may be required to pay for unreasonable contests under section 440.

Before we resolve this matter, we note that Employer's attorneys did not file a brief, instead contending by letter that this Court has already addressed the issue in *Anderson v. Workmen's Compensation Appeal Board (Watkins Motor Lines),* 671 A.2d 299 (Pa. Cmwlth.1996). In *Anderson,* the issue confronting us was whether the WCJ "erred in awarding Claimant attorney fees based on a quantum meruit analysis of the actual work performed by Claimant's counsel instead of on the twenty percent contingency fee agreement signed by Claimant and approved by [the WCJ]." *Id.,* 671 A.2d at 300. There, we explained that, where substantial evidence supported the WCJ's award of counsel fees on a quantum meruit basis under section 440, we would not disturb that award, even though the WCJ approved a 20% contingency fee agreement between the claimant and his counsel under section 442. Unlike here, however, we were not faced with the question of whether a claimant's counsel's fees under section 442 could be limited to a quantum meruit award under section 440, even though

(Emphasis added). This paragraph, amended by the Act of June 24, 1996, merely substitutes the term "workers' compensation judge" for "referee[.]"

that quantum meruit award amounts to less than the sum provided for by the 20% contingency fee agreement. Therefore, *Anderson* is not on all fours with the case at bar.

In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service),* 140 Pa.Cmwlth. 51, 592 A.2d 358, 362 (1991), we explained that "in appropriate circumstances, Section 440 may require attorney's fees in an amount less than twenty percent of the award, if the record shows that twenty percent would be unreasonable." *Anderson*; *see also Bandos v. Workmen's Compensation Appeal Board (Pennbrook Corp./Abbott Dairies),* 149 Pa.Cmwlth. 199, 611 A.2d 374 (1992). That said, we also stated in *Piergalski v. Workmen's Compensation Appeal Board (Viviano Macaroni Company),* 153 Pa.Cmwlth. 321, 621 A.2d 1069, 1073 (1993) (footnote added):

> Section 442 of the Act implies that the referee[2] must approve an attorney's fee if there is first, an agreement between claimant and attorney and second, the agreement does not exceed 20% of the amount awarded. *Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania v. Dowling,* [22 Pa.Cmwlth. 7, 347 A.2d 318 (Pa.Cmwlth.1975)] concurs, holding that where an attorney's fee had been agreed upon by the client and did not exceed 20% of the workmen's compensation award, the fee must be approved and cannot be reduced by the referee or the Board.

*Piergalski* proceeded to state that a 20% agreement is per se reasonable.

In *Bandos,* the referee ordered the employer to pay attorney's fees as a cost under section 440 in an amount less than the 20% fee agreed to and also ordered the claimant's remaining counsel fee to be deducted from his award. On appeal, the claimant asserted "that the referee lacked the discretionary authority to limit counsel fees awarded under section 440 to less than the amount to which claimant and his attorney agreed, in this case 20 percent of all compensation awarded."

2. Since the 1993 amendments to the Act, referees have been known as WCJs.

*Id.,* 611 A.2d at 375. We explained that that contention contradicted our holding in *Eugenie,* where we had distinguished an approval of counsel fees under section 442 from an award of counsel fees under section 440. Specifically, we stated:

> Under section 442, the referee must approve the contingent fee agreement and we have held that a 20 percent contingent fee is per se reasonable. In a section 440 case, the referee must also determine what is a reasonable fee to add to an award because of an unreasonable contest, and this amount may be less than the amount claimant would have to pay if there was a reasonable contest.

*Bandos,* 611 A.2d at 375–376.

■ Obviously, then, legal precedent is such that a claimant's attorney is entitled to the reasonable fee of 20% of his client's award if an agreement to that effect exists, and, if ordered to do so, an employer must reimburse the claimant a reasonable sum for its unreasonable contest, which may be less (or even more) than the 20% fee owed by the claimant to his counsel. Although we are aware of the dilemmas inherent in treating the reasonableness standard differently in section 440 than in section 442, this panel is bound by the dictates of *Eugenie* and its progeny.[3]

■ Accordingly, we hold that the WCJ in this case could properly limit the fees payable by Employer for an unreasonable contest under section 440 to a sum less than the 20% fee agreed to between Nichols and his counsel. However, because the law is also clear that a WCJ shall approve a 20% contingency fee agreement, the WCJ's decision to limit Nichols' counsel's fee to less than the 20% agreed to by Nichols and his counsel was in error. Simply put, a WCJ cannot award a claimant full compensation "undiminished by attorney's fees" if he or she awards unreasonable contest fees in an amount smaller than the 20% contingency fee agreement. We note that the effect of this decision on Nichols is the same as the effect of the order in *Bandos,* where the referee

assessed a quantum meruit award for unreasonable contest in an amount less than the 20% counsel fee agreed to by the claimant and his counsel, and the referee ordered that the remaining counsel fee be deducted from the claimant's award.

We therefore reverse the Board's order in part, and we remand this case to the Board for remand to the WCJ to approve the 20% contingency fee agreement and to direct that any attorney's fee remaining to be paid Nichols' counsel after Employer has paid the quantum meruit award shall be deducted from Nichols' award.

### *ORDER*

AND NOW, this 3rd day of June, 1998, the Order of the Workers' Compensation Appeal Board, No. A96–0526, dated October 6, 1997, is hereby reversed and remanded in part. The case is remanded to the Board for remand to the WCJ to approve the 20% contingency fee agreement in accordance with Section 442 of the Act and to direct that any attorney's fee remaining to be paid Nichols' counsel after Employer has paid the quantum meruit award shall be deducted from Nichols' award.

Jurisdiction Relinquished.

---

**3.** *See Eugenie,* 592 A.2d at 362 (Blatt, J., dissenting) for a cogent discussion of the conflicts inherent in treating the "reasonableness" standard differently in these two sections; *see also Bandos,* 611 A.2d at 376 (McGinley, J., dissenting). We note, however, that "[t]he amendment to subsection (b) of section 440 appears to have codified the common law established by this Court in *Eugenie.*" *Anderson,* 671 A.2d at 301.