**Jefferson YOUNG, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (LGB MECHANICAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 3, 2009.

Decided June 4, 2009.

George Martin, Philadelphia, for petitioner.

David T. Latoff, Blue Bell, for respondent.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Jefferson Young (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of Workers' Compensation Judge (WCJ) Seelig granting a Review Petition filed by LGB Mechanical and PMA Group (collectively "Employer") and determining that the percentage of benefits paid as attorney's fees to Claimant's former counsels constitutes part of Employer's accrued lien for the purposes of subrogation. We affirm the Board's order in part and reverse in part.

Claimant sustained an injury in the course and scope of his employment on November 11, 1999. On November 13, 2001, WCJ Lincicome granted a Claim Petition filed by Claimant and awarded ongoing total disability benefits of $294.00 per week. In reference to the contingency fee entered into by Claimant and prior counsel, WCJ Lincicome found:

## CONCLUSIONS OF LAW

. . .

6. Pursuant to Section 442 of the [Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 998], Claimant's twenty percent (20%) fee agreement is hereby approved through and until August 9, 2001. After August 9, 2001, no attorney's fee shall be deducted from Claimant's compensation.[1]

## ORDER

. . .

Defendant is **ORDERED** and **DIRECTED** to pay twenty percent (20%) of Claimant's benefits as a counsel fee . . . chargeable to Claimant's share through and until August 9, 2001. After August 9, 2001, no attorney's fee shall be deducted from Claimant's compensation.[2]

(Bureau Exhibit No. 1).

Employer filed a Modification and Suspension Petition against Claimant in 2003.

1. Claimant terminated his attorney two months before WCJ Lincicome issued her decision disposing of the Claim Petition.

2. The WCJ further awarded $2,085.20 in litigation costs.

3. Dec. dated 1/23/08, p. 3.

4. WCJ Seelig was careful to mention that Employer withdrew an argument that the litigation costs of $2,085.20 and $3,667.19 should be considered part of its accrued lien. He found "[a]s PMA has now deducted the litigation costs, the only dispute remaining is

The parties entered into a Compromise and Release Agreement (C & R Agreement) in 2004 settling Claimant's workers' compensation claim for $90,000.00. Claimant's counsel at that time was to receive $10,000.00 of the $90,000.00 settlement. The C & R Agreement further indicated that Employer shall be responsible for $3,667.19 in litigation costs.

Claimant subsequently obtained a third-party recovery. Employer filed a Review Petition on July 27, 2006 seeking subrogation based on that recovery. Both parties agreed that Employer was entitled to subrogation. They disputed the amount to which Employer was entitled. The parties disputed whether attorney's fees paid to Claimant's former counsels should be considered as part of the accrued lien subject to Employer's subrogation rights.

In a decision circulated January 23, 2008, WCJ Seelig found that counsel fees payable to Claimant's prior counsels were "payable 'out of Claimant's **compensation**' and were not attorney's fees assessed against the Employer as unreasonable contest fees."[3] (Emphasis in original). He granted Employer's Review Petition and found the counsel fees in dispute constitute part of Employer's accrued lien subject to subrogation.[4]

In an opinion dated December 4, 2008, the Board affirmed. Of particular relevance, the Board found:

whether the contingent fees of about $16,000 (specifically $10,000 awarded in the C & R and $6,030.98 awarded by WCJ Lincicome's decision should be included in the accrued lien for indemnity." Dec. dated 1/23/08, p. 3. Subsequently, WCJ Seelig stated "[t]he only remaining issue to be decided by this Judge is whether the contingent fees payable to Claimant's workers' compensation counsel pursuant to workers' compensation litigation should be part of the subrogation lien." *Id.* at 4.

The right to subrogation against the third party to the extent of the compensation payable by Employer is absolute. We believe that the costs for attorney's fees *and* litigation expenses incurred in the prior Workers' Compensation litigation should be included in that 'compensation' as they were incurred by Claimant as a result of the act or omission of the third party. In other words, if Claimant had not been injured as a result of a third party act or omission, Defendant would not have had to pay these amounts to Claimant or his counsel. (Emphasis added).

Op. dated 12/2/08, p. 5.

Thereafter, Claimant filed the instant appeal.[5] Claimant contends on appeal that the WCJ erred in including the attorney's fees paid to his former counsels pursuant to their fee agreements as part of the accrued lien subject to Employer's subrogation rights. According to Claimant, he never received this money and, therefore, it should not be recoverable out of his third party settlement. In making his argument, Claimant relies on *Mrkich v. Workers' Compensation Appeal Board (Allegheny County Children & Youth Serv.)*, 801 A.2d 668 (Pa.Cmwlth.2002) wherein this Court discussed the difficulties in applying the traditional gross method to a subrogation claim where the settlement involves annuity payments not yet received by the claimant. Claimant further relies on equitable principles.

Prior to addressing Claimant's specific arguments, this Court believes it is necessary to first recognize the genesis of Employer's right to subrogation and the case law dealing with the subrogation issue.

Section 319 of the Act, 77 P.S. § 671, provides, in pertinent part:

Where the compensable injury is caused ... by ... a third party, the employer shall be subrogated to the right of the employee ... against such third party to *the extent of the compensation payable* under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employee.... (Emphasis added).

77 P.S. § 671.

■■■ An employer has an absolute right to immediate payment of its past due lien from the recovery fund after payment of attorney's fees and expenses. *Monessen, Inc. v. Workers' Compensation Appeal Board (Fleming)*, 875 A.2d 415 (Pa. Cmwlth.2005). Its accrued lien, per Section 319 of the Act, is calculated based on its payments of "compensation." The Act does not define the term "compensation." *O'Brien v. Workers' Compensation Appeal Board (Montefiore Hosp.)*, 690 A.2d 1262 (Pa.Cmwlth.1997). Rather, a determination of what constitutes "compensation" must be made on a section-by-section basis, looking to the language of the section and the legislative intent behind it. *Berwick v. Workmen's Compensation Appeal Board (Spaid)*, 537 Pa. 326, 643 A.2d 1066 (1994). The purpose of this subrogation is threefold—it prevents double recovery for the same injury, it relieves the employer of liability occasioned by the negligence of a third party, and it prevents the responsible party from escaping liability. *Kidd–Parker v. Workers' Compensation Appeal*

---

5. Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated. *Michel v. Workers' Compensation Appeal Board (United States Steel Corp.)*, 966 A.2d 643 (Pa.Cmwlth.2009).

*Board (Philadelphia Sch. Dist.)*, 907 A.2d 33 (Pa.Cmwlth.2006).

We further note that Section 442 of the Act is of particular relevance to this appeal. It provides in pertinent part:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any workers' compensation judge or the board, whether or not allowed as part of a judgment, shall be approved by the workers' compensation judge or board as the case may be, providing the counsel fees do not exceed twenty per centum of the *amount awarded.* (Emphasis added).

 Section 442 of the Act protects claimants from unreasonable fees charged by their own attorneys under improvident fee agreements. *Weidner v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 442 A.2d 242 (1982). Under Section 442 of the Act, the WCJ must approve the contingent fee agreement and a twenty percent contingent fee is reasonable *per se. Bandos v. Workmen's Compensation Appeal Board (Pennbrook Corp./Abbott Dairies)*, 149 Pa. Cmwlth. 199, 611 A.2d 374 (1992). The counsel fee designated in the fee agreement is chargeable against both present and future benefits. *See Workmen's Compensation Appeal Board (Gilroy) v. General Machine Prods. Co.*, 24 Pa.Cmwlth. 95, 353 A.2d 911 (1976)(holding Section 442 of the Act allows a reasonable attorney fee based on the "amount awarded," a term that is clear on its face, and not a percentage of the claimant's "first check"). Money paid pursuant to a fee agreement is to be deducted from the claimant's workers' compensation benefits. *See Nichols v. Workers' Compensation Appeal Board (Ramsey Constr.)*, 713 A.2d 706, 709 (Pa.Cmwlth.1998)(holding that where the claimant has a twenty percent contingency fee agreement and the WCJ awards *quan-*

*tum meruit* attorney's fees in an amount less than the agreed upon twenty percent, the balance of the agreed fee is to be deducted and paid from the claimant's compensation).

Claimant was awarded $294.00 in weekly total disability benefits. Pursuant to a fee agreement, Employer was obligated to deduct twenty percent from Claimant's benefits and pay that amount to Claimant's former counsel. *Nichols.* These payments covered the period from November 11, 1999 through August 9, 2001. Claimant would have received total disability benefits in full had he not obtained an attorney. Claimant, however, took the prudent step in hiring counsel to ensure his interests were sufficiently protected. This is true, notwithstanding the fact that Claimant and his initial counsel ended their attorney-client relationship prior to the date WCJ Lincicome issued her decision. Moreover, the subsequent C & R Agreement specified that Claimant settled his claim for $90,000.00 but was to net only $80,000.00 as $10,000.00 was to be paid to his counsel as attorney's fees. We must agree with the WCJ and the Board that the percentage of Claimant's benefits paid to his legal counsel are part of the Employer's accrued lien subject to subrogation pursuant to Section 319 of the Act.

Consistent with Section 319 of the Act, Employer was subrogated to the extent of the compensation payable under the Act. Regardless of whether Employer was originally required to pay Claimant his benefits undiminished by attorney's fees, benefits reduced by twenty percent with the twenty percent portion being paid to Claimant's counsel, or any variation of payments so long as the contingency fee was below twenty percent, Employer was liable to pay a total equal to $294.00 per week. Any percentage of attorney's fee, pursuant to Section 442 of the Act was

paid out of the "amount awarded," or, Claimant's compensation. The fact that Claimant agreed to pay a portion of his compensation to his counsel as attorney's fees does not detract from the fact that the money was due as payment for his work injury. This amount was to be paid solely as a result of the third party's negligent conduct. Section 319 precludes an Employer from having to shoulder that burden. *Kidd–Parker.* Similarly, the C & R Agreement was entered into to settle Claimant's claim against Employer for the injuries caused by a third-party's negligence. Claimant was due $90,000.00. He received only $80,000.00 due to *his* agreement with his attorney.

Claimant, in support of his argument, nonetheless relies on phraseology contained in *Mrkich,* that reads "employer has a present right of subrogation only in the portion of the recovery that the claimant has actually received. The lien is against the recovery, not the claimant." *Mrkich,* 801 A.2d at 675. The problem with Claimant's argument, however, is the "recovery" being referenced in that excerpt is the funds constituting the third-party settlement. The difficulty presented in *Mrkich,* as indicated above, is the fact that the gross method calculations traditionally used to calculate an employer's subrogation interest were impaired by the fact that the claimant settled her claim, in part, for an annuity. Thus, she had yet to receive a certain amount of annuity payments at the time the employer sought to enforce its subrogation lien. There is no issue here regarding receipt of the third party-recovery. The dispute concerns only whether a percentage of Claimant's workers' compensation payments paid to counsel as part of a fee agreement are part of its accrued lien. *Mrkich* does not aid in this analysis.

Claimant further points out that Employer filed a Modification/Suspension Petition wherein it alleged "there was nothing physically wrong with the Claimant." Petitioner's brief, p. 9. Claimant contends that if that Petition had been granted, the third-party case would have had minimal value. According to Claimant, as a result of having to defend against the Modification/Suspension Petition, he had to obtain counsel and was required to "pay a 20–percent attorney fee" out of his benefits "in order to successfully defend against the modification/suspension petition." He suggests that equitable principles and the remedial nature of the Act dictate that the portion of his compensation paid as attorney's fees should not be considered as part of Employer's accrued lien.

For clarification purposes, we point out that Claimant did not successfully defend against the Modification/Suspension Petition. Rather, Claimant entered into the C & R Agreement with Employer settling his claim. Moreover, while Claimant entered into a twenty percent fee agreement with his original counsel who represented him in the claim proceeding prior to his termination, Claimant's counsel did not receive twenty percent of the settlement when Claimant and Employer entered into the C & R Agreement. Instead, Claimant's attorney received $10,000.00 of the $90,000.00 settlement, or roughly eleven percent.

Nonetheless, we recognize that the Act is remedial in nature and is subject to liberal construction to benefit the injured worker. *Jones v. Workers' Compensation Appeal Board (City of Chester),* 961 A.2d 904 (Pa.Cmwlth.2008). It has been held, however, that an employer's subrogation rights are statutorily absolute and can be abrogated only by choice. *Brubacher Excavating, Inc. v. Workers' Compensation Appeal Board (Bridges),* 575 Pa. 168,

835 A.2d 1273 (2003). Section 319 of the Act is written in mandatory terms and there are no exceptions, equitable or otherwise. *Superior Lawn Care v. Workers' Compensation Appeal Board (Hoffer)*, 878 A.2d 936 (Pa.Cmwlth.2005). Indeed, "an employer who complies with its responsibilities under the [Act] should not be deprived of one of the corresponding statutory benefits based upon a court's *ad hoc* evaluations of other perceived 'equities.'" *Thompson v. Workers' Compensation Appeal Board (USF&G Co.)*, 566 Pa. 420, 432, 781 A.2d 1146, 1153 (2001). Moreover, an employer need not necessarily cooperate with an employee in a third-party action in order to avail itself of its subrogation rights. *See generally Winfree v. Philadelphia Elec. Co.*, 520 Pa. 392, 554 A.2d 485 (1989)(finding an employer should not be required to chose between cooperating with its employee and running the risk of being found solely liable or vigorously pursuing its own exoneration and losing its subrogation rights).

 Upon review, we reject Claimant's argument. Employer's right to subrogation is absolute. *Bridges.* In light of the holdings of *Hoffer* and *Thompson,* this Court will not undergo a balancing of the equities to determine whether Employer should be denied subrogation in light of the fact that it attempted to modify or suspend Claimant's benefits while Claimant was pursuing a third-party recovery. Employer was not required to cooperate with Claimant in his attempts to obtain the third-party settlement. *Winfree.* Therefore, we cannot agree with Claimant that Employer is precluded from including the percentage of his compensation paid as counsel fees arising from the C & R Agreement as part of its accrued lien that is subject to subrogation.

We further rely on *Kelly v. Workmen's Compensation Appeal Board (A–P–A Transp. Corp.)*, 107 Pa.Cmwlth. 223, 527 A.2d 1121 (1987). The claimant, in *Kelly,* received workers' compensation benefits for an injury sustained in 1980. The employer filed a termination petition on November 10, 1981 that was granted on April 27, 1983. In the interim, the claimant settled a third-party suit in 1982 stemming from the work-related injury. The employer sought reimbursement of its accrued lien and the claimant challenged its right to subrogation. At hearing, the following dialogue took place:

> THE REFEREE: I am now requesting that you give me whatever argument and/or fact situation you believe exists which entitles your client to retain such funds.[6]
>
> MR. MACDONALD: The fact situation and argument that causes us to take that position lie in the facts that the Claimant has been prejudiced by the actions of A–P–A which were all contrary to his efforts to obtain a third-party settlement ... We while trying to demonstrate an injury on one hand were constantly fighting a situation where A–P–A was demonstrating no injury on the other hand. And it's hard for a man with no injury to collect a personal injury award. If A–P–A had met their obligations and paid compensation during the period of this settlement and not have demonstrated no injury, we would have been able to demonstrate injury more effectively for a higher award. As a result, we may have gotten an extra thirty thousand dollars or more.

*Kelly,* 527 A.2d at 1122.

The referee, the Board, and this Court found these allegations insufficient to de-

---

**6.** WCJs were previously known as "referees." *City of Philadelphia v. Workers' Compensation* *Appeal Board (Andrews),* 948 A.2d 221, 230, n. 5 (Pa.Cmwlth.2008).

prive an employer of its subrogation interest. The claimant was directed to reimburse the employer $27,500.00. In *Kelly*, the claimant was seeking to avoid arbitration altogether. Here, Claimant is only challenging Employer's right to subrogation for the percentage of his compensation paid as attorney's fees. We can discern no reason why the result would be different here.

■■■ This Court recognizes that Claimant, in his brief, discusses not only the attorney's fees paid to his former counsels, but also the litigation costs awarded in the November 13, 2001 Decision and the C & R Agreement. He posits that neither of these types of designated funds should be part of Employer's accrued lien. (Claimant's brief, p. 11). Undoubtedly, some confusion has arisen due to the language contained in the Board's opinion that both "attorney's fees" and "litigation expenses" should be included·in the term "compensation" when calculating Employer's accrued lien. Nonetheless, we reiterate, the WCJ indicated Employer withdrew its claim that its payments for Claimant's litigation expenses should be part of its accrued lien subject to subrogation. Moreover, the WCJ limited his decision to contingency fees at issue. Consequently, Claimant was not aggrieved by the WCJ's decision in terms of whether litigation costs were part of Employer's accrued lien. Therefore, he had no basis to appeal on that aspect and the Board, to the extent its opinion can be read to address this issue, committed error. *See generally Wright v. Workers'*

*Compensation Appeal Board (Adam's Mark Hotel)*, 163 Pa.Cmwlth. 172, 639 A.2d 1347 (1994)(holding a party must be aggrieved by in order to appeal).

This fact notwithstanding, we feel that it is necessary to point out that litigation expenses are payable under Section 440(a) of the Act, 77 P.S. § 996(a).[7] Unlike the contingency fees paid to Claimant's former counsels that are paid out of Claimant's compensation, these types of payments have previously been determined to be payments *in addition to* compensation. *See Universal AM–CAN, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 870 A.2d 961 (Pa.Cmwlth.2005)(holding litigation costs and unreasonable contest attorney's fees awarded pursuant to Section 440 of the Act are not compensation and, therefore, not subject to reimbursement from the supersedeas fund). It is true that we were interpreting an employer's right to supersedeas reimbursement in *Minteer* as opposed to interpreting the employer's subrogation rights under Section 319 of the Act. Nonetheless, Section 440 of the Act plainly provides that litigation costs, including unreasonable contest attorney's fees, are paid "in addition" to an award of workers' compensation benefits under the Act. Thus, had the litigation cost issue been properly before the Board and it ruled as it did, we would be compelled to reverse regardless.

### ORDER

AND NOW, this 4th day of June, 2009, the order of the Workers' Compensation

---

7. Section 440(a) of the Act reads, in relevant part:

In any contested case where the insurer has contested liability in whole or in part … the employee or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, *in addition to the award for compensation,* a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer. (Emphasis added)

Appeal Board in the above-captioned matter is reversed to the extent it can be read to indicate litigation costs paid constitute part of Employer's accrued lien subject to subrogation. The order is affirmed in all other respects.