**Donald KERSTETTER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PENNSYLVANIA STEEL TECHNOLOGY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 2001.

Decided May 1, 2001.

Daniel Stern, Harrisburg, for petitioner.

Karen S. Coates, Harrisburg, for respondent.

Before PELLEGRINI, Judge, LEADBETTER, Judge, MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

Donald Kerstetter (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) reversing the decision of the Workers' Compensation Judge (WCJ) and denying him workers' compensation benefits because he failed to establish a binaural hearing impairment of ten percent as required by Section 306(c)(8) of the Workers' Compensation Act (Act).[1]

On October 6, 1998, Claimant filed a claim petition for workers' compensation benefits alleging that he suffered a compensable work-related hearing loss caused by his continuous exposure to excessive noise during the course of his employment with Bethlehem Steel/Pennsylvania Steel Technologies (Employer). Employer denied the claim and the case proceeded to a hearing before a WCJ. At the hearing, Claimant testified that he began working for Employer on October 8, 1967. He stated that during his employment, he had been exposed to significant noise on a daily basis until he began his present position as an ultrasonic test inspector in January 1996.[2] Claimant stated that he had lost hearing in both ears and had worn a hearing aid in his left ear since he suddenly lost the hearing in his right ear in May 1997, which he described occurring, "like somebody threw a switch."

In support of his claim petition, Claimant presented the medical report of David A. Wiegand, M.D. (Dr. Wiegand), an otolaryngologist, who examined Claimant and performed an audiogram on July 9, 1998. Based on Claimant's medical history, physical examination and audiogram and utilizing the AMA Guides, Dr. Wiegand opined Claimant suffered a 20.62% monaural hearing loss in his left ear caused by excessive noise while working for Employer. As to the hearing impairment in Claimant's right ear, Dr. Wiegand's report indicated that because the loss was sudden, it was not consistent with noise exposure and the cause of that hearing loss was entirely speculative.

In opposition, Employer offered the testimony of Ray Colestack (Colestack), the general foreman at its finishing mill and Claimant's supervisor. He stated that based on his experience, the positions which Claimant had filled during his employment did not require him to be exposed to hazardous noise for long periods

---

1. That section provides, in relevant part:

   (i) For permanent loss of hearing which is medically established as an occupational hearing loss caused by long-term exposure to hazardous occupational noise, the percentage of impairment shall be calculated by using the binaural formula provided in the Impairment Guides. The number of weeks for which compensation shall be payable shall be determined by multiplying the percentage of binaural hearing impairment as calculated under the Impairment Guides by two hundred sixty weeks. Compensation payable shall be sixty-six and two-thirds per centum of wages during this number of weeks, subject to the provisions of clause (1) and subsection (a) of this section.

   * * *

   (iii) the provisions of subclauses (i) and (ii) of Notwithstanding this clause, if there is a level of binaural hearing impairment as calculated under the Impairment Guides which is equal to or less than ten per centum, no benefits shall be payable....

   77 P.S. §§ 513(8)(i) and (iii).

2. During his employment, Claimant held numerous positions at the steel mill including working in the open-hearth area for approximately three-and-one-half years, the rail finishing mill as a gagger, drill press operator and milling machine operator, a new finishing mill running a cutting saw, and since January 1996 as an ultrasonic test inspector.

of time.[3]

█ Finding Claimant's testimony credible and persuasive and the medical testimony of Dr. Wiegand, through his medical report, conclusive, the WCJ found that Claimant sustained a 20.62% hearing loss in his left ear.[4] Subsequently, applying the formula set forth in the AMA Guides, 4th Edition,[5] the WCJ calculated Claimant's binaural hearing loss at 17.18% as a result of hazardous occupational noise exposure suffered during his employment with Employer. Contending that the WCJ erred in calculating Claimant's binaural hearing impairment, Employer appealed to the Board. Agreeing with Employer that the WCJ incorrectly calculated Claimant's binaural hearing loss as 17.18%, and that the correct calculation resulted in a binaural hearing loss of only 3.44%, the Board reversed the WCJ's decision and denied benefits pursuant to Section 306(c)(8) of the Act. This appeal followed.[6]

█ Claimant contends that the Board erred by applying the binaural hearing impairment formula in determining whether he was eligible for compensation benefits because the evidence established a 20.62% hearing impairment in his left ear. In effect, what he is arguing is that when there is a work-related hearing loss in one ear, a monaural formula should be used to calculate the amount of hearing loss where hearing in the other ear is lost for a non-work related reason. However, Section 306(c)(8) of the Act provides benefits for hearing loss caused by long-term exposure to hazardous occupation noise and requires "the percentage of impairment shall be calculated by using the binaural formula provided in the Impairment Guides." 77 P.S. § 513(8)(i).[7] Applying the binaural formula in the Impairment Guides, the Board stated:

In Chapter 9, Section 9.1(a)(8) of the *AMA Guides to the Evaluation of Permanent Impairment* (4th Ed.1993), the following guidance is provided:

Binaural impairment is determined by means of the following formula: binaural impairment (%) = {5 × (% hearing impairment in better ear) + (5 hearing in poorer ear)} ÷ 6.

\* \* \*

The correct calculation, according to the AMA Guidelines, would be as follows:

(%) = {5 × (0%) + (20.62%)} ÷ 6
    = {0% + 20.62%}
(%) = {0% × (sic) 20.62%} ÷ 6
(%) = 20.62% ÷ 6
    = 3.44% binaural impairment

---

3. Employer also offered Claimant's treatment records from Hershey Medical Center where he underwent audiograms on February 24, 1997, and April 3, 1997.

4. Finding that the audiogram results from Claimant's Hershey Medical Center treatment records were not calculated in accordance with AMA Guides, the WCJ rejected that evidence.

5. The AMA Guides to the Evaluation of Permanent Impairment (4th Edition 1993) provides the following formula for the calculation of binaural hearing impairment:
Binaural Hearing Impairment (%) = [5 × (% hearing impairment in better ear) + (% hearing impairment in poorer ear) ] ÷ 6.

6. Our scope of review of a Workers' Compensation Appeal Board decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. *Sheridan v. Workers' Compensation Appeal Board (Anzon)*, 713 A.2d 182 (Pa.Cmwlth. 1998).

7. Additionally, in his brief, Claimant concedes that the application of the binaural formula to Dr. Wiegand's finding that he suffered a monaural hearing impairment of 20.62% in his left ear would result in a binaural hearing impairment of less than 10%.

(Board's opinion at pp. 3–4). Because the Act provides that where there is a work-related hearing loss caused by long-term exposure to hazardous noise benefits may only be awarded on a binaural basis, and the amount of hearing loss must be determined using the binaural formula, the Board did not err in applying that formula and finding that Claimant suffered only a 3.44% work-related binaural impairment.

■ Even if the Board did not err in applying the binaural formula to his claim petition, Claimant contends that application of the binaural formula denies him equal protection of the laws because the Act unfairly distinguishes between classes of monaural hearing losses. Specifically, he argues the distinction between hearing loss caused by acoustic trauma or head injury for which Section 306(c)(8) provides compensation on a monaural basis, and hearing loss attributable to long-term exposure to hazardous occupational noise for which Section 306(c)(8) of the Act only provides compensation on a binaural basis is arbitrary and unreasonable. However, hearing loss attributable to long-term exposure to occupational noise is always binaural because it comes from generally hazardous noise that would not affect just one ear, while hearing loss caused by acoustic trauma or head injury may be monaural or affect only one ear. As such, the Act's distinction between these types of hearing impairment in awarding compensation benefits on a monaural or binaural basis is

neither arbitrary nor unreasonable and application of the binaural formula to Claimant's hearing loss did not violate his equal protection rights.

■ Finally, Claimant contends that Section 306(c)(8) is unconstitutional because application of the binaural formula to a monaural loss leads to an absurd result, especially where a claimant had only one "good" ear before the work-related injury. However, Claimant's argument overlooks the basic premise of the Act—to compensate employees for *work-related* injuries. To establish a right to compensation benefits, the claimant bears the burden of proving all necessary elements of a claim petition, including that an injury occurred and such injury was work-related. *Waymart v. Workers' Compensation Appeal Board (Feldman)*, 766 A.2d 900 (Pa. Cmwlth.2000). Although, as Claimant suggests, a work-related injury resulting in the loss of hearing in one ear affects a claimant who had previously suffered a non-work-related hearing loss in the other ear to a greater extent, we cannot cure that inequity by holding an employer liable for a non-work-related injury.[8]

Because the Board properly applied the binaural formula and application of that formula did not violate Claimant's constitutional rights, the Board did not err in denying workers' compensation benefits. Accordingly, the decision of the Board is affirmed.[9]

---

8. Analogous to our case is one where a claimant entered into employment after having lost one eye and then in the course of employment lost his remaining eye. In *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922), our Supreme Court held that the claimant was only entitled to benefits for the loss of one eye, not the higher amount awarded for total disability because of the total loss of sight. In response, the General Assembly created a second injury reserve fund not paid for by the employer that provides additional compensation for an employee who has incurred

(through injury or otherwise) permanent partial disability through the loss or loss of use of one hand, one arm, one foot, one leg or one eye, and incurs total disability through a subsequent injury causing loss, or loss of use of, another hand, arm, foot, leg or eye. Section 306.1 of the Act, 77 P.S. § 516. However, no such provision for loss of hearing exists.

9. Claimant also contends that the Board erred in denying compensation benefits because the evidence established a binaural occupational hearing impairment. He argues

## ORDER

AND NOW, this 1st day of May, 2001, the order of the Workers' Compensation Appeal Board, No. A99–2017, dated August 18, 2000, is affirmed.

that Dr. Wiegand's medical report established that his noise-induced hearing loss was not limited to his left ear only but, in fact, assigned a 20.62% work-related hearing impairment to both ears. In doing so, Claimant has misinterpreted Dr. Wiegand's report. It states, in pertinent part:

> The hearing loss in the left ear is typical for that caused by noise exposure. The handicap in that ear, by standard calculations, is 20.62%. The hearing loss in the right ear is not consistent with noise exposure alone as it occurred during the latter years of his employment, it was sudden, and it does not have the characteristic features of noise-induced hearing loss. The cause of the hearing loss in the right ear is entirely speculative.

Dr. Wiegand assigned the 20.62% hearing impairment to Claimant's left ear but did not assign a percentage of hearing impairment attributable to occupational noise in his right ear making Claimant's argument meritless. Moreover, in his claim petition, Claimant sought benefits for "[h]earing loss in left ear only of 20.62%."