**Clarence WILLIAMS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TRINITY INDUSTRIES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 2003.
Decided Jan. 23, 2004.
As Amended Feb. 10, 2004.

James E. Douglas, Hermitage, for petitioner.

Harry J. Klucher and Gregory J. Fischer, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Clarence Williams (Claimant) from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) to deny Claimant's claim petition for hearing loss benefits. On appeal we are asked to decide whether we should adopt a different mathematical formula for separating the work-related portion of a hearing loss due to long-term exposure from the portion that is not work related and, thus, employ the "apportionment method" as allegedly recognized in the American Medical Association's Guidelines to the Evaluation of Permanent Impairments, rather than the method we

sanctioned in *Kerstetter v. Workers' Compensation Appeal Board (Pennsylvania Steel Technology)*, 772 A.2d 1051 (Pa. Cmwlth.2001), *petition for allowance of appeal denied*, 568 Pa. 621, 792 A.2d 1255 (2001).

The facts in this case are straightforward and not challenged on appeal. Claimant filed a claim petition for a work-related hearing loss, alleging that he sustained greater than a 10% binaural hearing loss due to continuous exposure to hazardous occupational noise. He averred that the injury date was May 17, 1999. He was 64 years old at the time of the July 2000 hearing, had been employed as a track builder for Trinity Industries (Employer) and, prior to that, its predecessor since 1956. He was exposed to loud noise from sledge hammers and air hammers on a continuous basis, as well as noises from riveting, cranes and forklifts. Although he was given hearing protection at the work site, his hearing progressively worsened. Regarding other possible bases for a hearing loss, the WCJ noted that Claimant had served in the army from 1960–1963, owns a riding mower, had owned a snowmobile and is a hunter.

Both parties presented medical evidence and both medical experts agree that Claimant has a 100% hearing loss in his left ear and that it is *not* work-related. As to the right ear, Employer's expert, Dr. Arriaga, upon his examination in July 2000, found a moderate to moderately severe hearing loss in Claimant's right ear. He noted that his findings were somewhat atypical for occupational noise exposure because the low frequencies were affected more than would have been expected. Although he opined that occupational noise exposure was a potential contributing factor to the hearing loss in the right ear, he stated that he would not consider it a significant contributing factor because of

the atypical appearance of the audiogram. Using the formula this Court accepted in *Kerstetter*, Dr. Arriaga calculated an occupationally induced hearing impairment of 6.25%, an amount below the "greater than 10%" threshold that is required for payment of benefits. Claimant's expert, Dr. Froman, who examined Claimant in August 2000, also found a moderate to moderately severe work-related hearing loss in claimant's right ear, but calculated his binaural loss at 43.229%. The WCJ credited the testimony of both experts but, to the extent there was a conflict, she resolved credibility in favor of Dr. Arriaga.

On appeal,[1] Claimant asserts that the method of calculation employed in *Kerstetter* should be changed to an "apportionment method," which, he asserts, has been embraced by the American Medical Association in its Guidelines to the Evaluation of Permanent Impairments.

We held in *Kerstetter* that where there is a work-related hearing loss due to long-term exposure to hazardous noise, the law provides that benefits may only be awarded on a binaural basis, and the amount of hearing loss must be determined using the binaural formula set forth in Section 306(c)(8)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8).

In *Kerstetter*, the claimant filed a claim petition for a work-related hearing loss due to continuous exposure to excessive noise at the work site. His medical expert testified to a work-related hearing loss only regarding his left ear. Nonetheless, the WCJ, finding a 20.62% *monaural* hearing loss, applied the American Medical Association Guidelines and determined that Claimant had 17.18% binaural hearing loss. The Board reversed. On appeal, the claimant argued that, where there is a work-related hearing loss in only one ear, and a non-work-related hearing loss in the other, a monaural formula should be used. We disagreed, noting that such a formula would be contrary to the language of Section 306(c)(8). That Section pertinently states:

(i) For permanent loss of hearing which is medically established as an occupational hearing loss caused by long-term exposure to hazardous occupational noise, the percentage of impairment shall be calculated by using the binaural formula provided in the Impairment Guides. The number of weeks for which compensation shall be payable shall be determined by multiplying the percentage of binaural hearing impairment as calculated under the Impairment Guides by two hundred sixty weeks. Compensation payable shall be sixty-six and two-thirds per centum of wages during this number of weeks, subject to the provisions of clause (1) and subsection (a) of this section.

* * *

(iii) Notwithstanding the provisions of subclauses (i) and (ii) [2] of this clause, if

---

1. Our scope of review where, as here, both parties have presented evidence is limited to whether the findings of fact are supported by substantial evidence and whether there has been any constitutional violation or legal error. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *York Terrace/Beverly*

*Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Cmwlth.75, 591 A.2d 762, 764 n.5 (1991). It is within the sole province of the WCJ to make credibility determinations. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995).

2. Subclause (ii) relates to hearing loss that is not caused by long-term exposure to hazardous occupation noise and is not relevant here.

there is a level of binaural hearing impairment as calculated under the Impairment Guides which is equal to or less than ten per centum, no benefits shall be payable....

The American Medical Association Guidelines to the Evaluation of Permanent Impairment (4th Edition 1993) provides the following formula for the calculation of binaural hearing impairment:

Binaural Hearing Impairment (%) = [5 × (% hearing impairment in better ear) + (% hearing impairment in poorer ear) ] / 6.

In the case *sub judice*, the two medical experts calculated binaural impairment as follows:

**Dr. Froman** (43.229%) = {5x (31.875% hearing impairment in right ear) + (100% hearing impairment in left ear)} / 6

**Dr. Arriaga** (6.25%) = {5x (37.5% hearing impairment in right ear) + (0% hearing impairment in left ear)} / 6

No one disputes that the formula used by Dr. Arriaga is the one adopted in *Kerstetter*. And, as the Board noted in its adjudication, under *Kerstetter*, Claimant's deaf left ear cannot be compensated for because it is not work related, and the basic premise of the Workers' Compensation Act is to compensate employees for *work-related* injuries. Claimant, however, asserts that when the American Medical Association Guidelines are examined, there is nothing there that takes into account impairment due to any particular cause. He, thus, contends that we erred in adopting the formula we did in *Kerstetter*. Further, he states that the Guidelines to the Evaluation of Permanent Impairments have already developed a method for segregating

an occupationally induced hearing loss from one that is not. Specifically, he asserts that if apportionment is necessary, "the estimate for the preexisting impairment would be subtracted from that for the present impairment to account for the effect of the former." (Claimant's Brief, p. 10.) Using this proposal, he submits the following calculation:

[I]f a worker was deaf in one ear due to an unrelated cause, this would give him a hearing handicap of 16.666%, he then loses all the hearing in his remaining ear due to occupational noise, this would now give him a hearing handicap of 100% We can say that the occupational noise increased his handicap by 83%.

In the claim before your Court, Petitioner/Employee had an unrelated and preexisting impairment on his left ear of 16.666%. (100% / 0% =16.666%).[3] His right ear was then damaged by occupational noise exposure to the extent of 31.875%. This now leaves him with a binaural impairment of 43.229%. (31.875 × 5 + 100 / 6 = 43.229%)[.] One would then subtract 16.666% from 43.229% to establish a threshold shift increase of 26.563% due to noise exposure.

*Id.* However, as even Claimant's own expert admitted, this "apportionment method" would result in Claimant being compensated, at least in part, for his non-work-related hearing loss. (Deposition of Dr. Froman, pp. 18–19.) We agree with the Board that such a result is not intended by a law that compensates workers only for work-related injuries, *Kerstetter*, and, thus, reject Claimant's theory.

Accordingly, having concluded that *Kerstetter* was correctly decided, and that the formula employed by Dr. Arriaga was in

---

3. The 0% is apparently an error and it appears that Claimant meant the number to be 6%.

accordance with our holding therein, we affirm the order of the Board.

## ORDER

NOW, January 23, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.