**DUNCANNON BOROUGH & AUTHORITY and State Workers' Insurance Fund, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BRUNO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 2010.

Decided Nov. 10, 2010.

Leah M. Lewis, Camp Hill, for petitioner.

Ian J. Blynn, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Duncannon Borough (Employer)[1] petitions for review of the May 19, 2010 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) which granted the review petition of John Bruno (Claimant) and awarded him specific loss benefits for hearing loss. The issue before this Court is whether the Board erred as a matter of law by finding that Section 306(c)(8)(iii) of the Workers' Compensation Act (Act) is not applicable when hearing loss is caused by trauma.[2] Based on the following, we reverse the decision of the Board.

The facts of this case are not disputed. Claimant was a police officer for Employer. On October 16, 2007, while on duty, he was a passenger in a patrol car that was rear-ended. Claimant was dazed upon impact, he felt dizzy, and he experienced a ringing in his right ear that he had not previously experienced. At the hospital, Claimant complained of pain in various parts of his body, and ringing in his right ear. The uncontroverted medical evidence submitted by Claimant and Employer establishes that Claimant suffered a monaural (single ear) hearing loss of 31.88% and a binaural (both ears) hearing impairment of less than 10% as a result of the October 16, 2007 accident, and that he has reached maximum medical improvement with the use of a hearing aid.

■ Employer issued a notice of compensation payable (NCP) dated December 3, 2007 for shoulder, neck and low back strain. On May 2, 2008, Claimant filed a review petition seeking specific loss benefits under Section 306(c)(8)(ii) of the Act due to a permanent hearing loss in his right ear as a result of his October 16, 2007 work injury. Following a hearing on February 5, 2009, the WCJ granted Claimant specific loss benefits, on the basis that Claimant established a 31.88% permanent right monaural hearing loss. On May 19, 2010, the Board affirmed the WCJ's decision. Employer appeals to this Court.[3]

On appeal, Employer argues that the WCJ erred in awarding specific loss benefits to Claimant because Section 306(c)(8)(iii) of the Act precludes an award of benefits for hearing loss when a claimant's binaural hearing loss is 10% or less. Specifically, Employer asserts that while Section 306(c)(8)(ii) of the Act, 77 P.S. § 513(8)(ii), permits hearing impairment to be calculated using either binaural or monaural formulas when the impairment results from a single incident of trauma, even if a monaural formula is used, under Section 306(c)(8)(iii) the binaural formula

1. According to the record, and notwithstanding the caption, there is no "Authority" relevant to this case. Claimant was employed solely by Duncannon Borough. Reproduced Record (R.R.) at 4a, 35a–36a. The State Workers' Insurance Fund (SWIF) is Duncannon Borough's workers' compensation insurance carrier.

2. Act of June 2, 1915, P.L. 736, *as amended*, added by Section 2 of the Act of February 23, 1995, P.L. 1, 77 P.S. § 513(8)(iii).

3. "This Court's scope and standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed." *World Kitchen, Inc. v. Workers' Comp. Appeal Bd. (Rideout)*, 981 A.2d 342, 346 n. 5 (Pa.Cmwlth.2009). Where, as here, the issue presented poses a question of statutory construction, this Court's review is plenary. *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distribution Corp.)*, 954 A.2d 776 (Pa.Cmwlth.2008).

must also be used and must yield a hearing impairment greater than 10% to warrant an award of specific loss benefits. We agree.

Section 306(c) of the Act sets forth how compensation shall be paid for work-related hearing loss. Section 306(c) of the Act states, in pertinent part:

> For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:
>
> . . . .
>
> (8)(i) For permanent loss of hearing which is medically established as an occupational hearing loss caused by long-term exposure to hazardous occupational noise, the percentage of impairment shall be calculated by using the binaural formula provided in the Impairment Guides. The number of weeks for which compensation shall be payable shall be determined by multiplying the percentage of binaural hearing impairment as calculated under the Impairment Guides by two hundred sixty weeks. Compensation payable shall be sixty-six and two-thirds per centum of wages during this number of weeks, subject to the provisions of clause (1) of subsection (a) of this section.
>
> (ii) For permanent loss of hearing . . . which is medically established to be due to other occupational causes such as acoustic trauma or head injury, the percentage of hearing impairment shall be calculated by using the formulas as provided in the Impairment Guides. The number of weeks for which compensation shall be payable for such loss of hearing in one ear shall be determined

by multiplying the percentage of impairment by sixty weeks. The number of weeks for which compensation shall be payable for such loss of hearing in both ears shall be determined by multiplying the percentage of impairment by two hundred sixty weeks. . . .

> (iii) Notwithstanding the provisions of subclauses (i) and (ii) of this clause, if there is a level of binaural hearing impairment as calculated under the Impairment Guides which is equal to or less than ten per centum, no benefits shall be payable. . . .

The Impairment Guides referred to in Section 306(c)(8) of the Act are the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed.1995) (*Guides* ).[4]

It is undisputed that, since this case involves a permanent loss of hearing due to acoustic trauma or head injury, Section 306(c)(8)(ii), rather than Section 306(c)(8)(i) of the Act, 77 P.S. § 513(8)(i) (relating to permanent hearing loss resulting from long-term exposure to hazardous occupational noise), is applicable. At issue is whether Section 306(c)(8)(iii) of the Act is also applicable under the facts of this case.

This Court has repeatedly held that:

> The Statutory Construction Act [5] . . . directs that the object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. The clearest indication of legislative intent is generally the plain language of a statute. When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative

---

**4.** The 4th edition of the *Guides,* rather than the latest edition, is to be utilized when calculating monaural or binaural impairment for workers' compensation purposes. *See* Weber et al., *PA Workers' Compensation Practice and Procedure,* p. 147 (2010).

**5.** 1 Pa.C.S. §§ 1501–1991.

intent. It is only when the 'words of the statute are not explicit' on the point at issue that resort to statutory construction is appropriate. Courts must also read statutes, if possible, to give effect to all of their provisions. Thus, courts should not interpret the words of a statute in isolation from each other, but rather, in light of the context in which they appear.

*Snizaski v. Workers' Comp. Appeal Bd. (Rox Coal Co.)*, 586 Pa. 146, 160–61, 891 A.2d 1267, 1276 (2006) (citations omitted). "[A] fundamental presumption in ascertaining the intention of the General Assembly in the enactment of a statute is that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." *Jones v. Workers' Comp. Appeal Bd. (City of Chester)*, 961 A.2d 904, 910 (Pa.Cmwlth.2008). Finally, this Court recognizes "that the Act is remedial in nature and is subject to liberal construction to benefit the injured worker." *Young v. Workers' Comp. Appeal Bd. (LGB Mech.)*, 976 A.2d 627, 632 (Pa.Cmwlth.2009).

Section 306(c)(8)(iii) of the Act clearly states that if there is a level of binaural hearing impairment as calculated under the *Guides* that is equal to or less than 10%, no benefits shall be payable, "[n]otwithstanding the provisions of subclauses (i) and (ii)[.]" According to the *Guides,* monaural hearing impairment is determined by assigning 1.5% of impairment "for every decibel that the average hearing level or loss for speech exceeds 25 [decibels]." *Guides* at 9/224. In order to then calculate binaural hearing impairment, the following formula is used:

> Binaural hearing impairment (%) = [5 × (% hearing impairment in better ear) + (% impairment in poorer ear) ] / 6.

*Id.* A monaural hearing loss figure can be converted into a binaural impairment figure by using the formula for binaural impairment and allowing 0% for the better ear. *Id.*

It is clear that a determination of the percentage of monaural hearing loss can always be converted into a determination of the percentage of binaural impairment. Thus, each claimant, whether alleging a hearing loss in one ear or both, whether due to long-term exposure or trauma, has a binaural impairment rating. With that in mind, and considering the plain meaning of the statutory text, we read the words "[n]otwithstanding the provisions of subclauses (i) and (ii) of this clause" in Section 306(c)(8)(iii) of the Act to reflect the intention of the General Assembly that whether a claimant is alleging either a binaural hearing loss resulting from long-term exposure to hazardous occupational noise, or a monaural hearing loss resulting from a single incident of trauma, the claimant is barred from an award of hearing loss benefits if his binaural impairment is not greater than 10%.

We note that the WCJ failed to address the applicability of Section 306(c)(8)(iii) below. Further, the Board found no error in the WCJ's failure to apply Section 306(c)(8)(iii) of the Act, taking the position that Section 306(c)(8)(iii) does not apply to the facts of this case. Specifically, the Board stated that a "binaural formula must be used where loss in only one ear is caused by long-term exposure to hazardous occupational noise," and not when it is the result of trauma or other occupational causes. Bd. Op. at 3. It cited *Williams v. Workers' Compensation Appeal Board (Trinity Indus.)*, 841 A.2d 164 (Pa.Cmwlth. 2004) in support of its conclusion. We find such reliance on *Williams* to be misplaced. It is true that *Williams* involved the calculation of benefits for hearing loss in one ear due to long-term work-related exposure; however, that case involved the dis-

tinct circumstance in which the claimant was already deaf in one ear due to circumstances that were not work-related. *Williams* did not address whether subsection (iii) of Section 306(c)(8) is applicable to monaural hearing loss caused by something other than long-term exposure to occupational noise. We hold that Section 306(c)(8)(iii) does apply to the facts of this case, such that, "[n]otwithstanding the provisions of subclauses (i) and (ii)[,]" Claimant is barred from an award of hearing loss benefits if his binaural impairment is not greater than 10%.

Here, it is undisputed that Claimant presented evidence that he had a 31.88% hearing loss in one ear. At the hearing before the WCJ, Claimant submitted a report dated December 1, 2008 authored by Carol L. St. George, D.O., corroborating a report authored by James L. Shaffer, Au.D., in which Dr. Shaffer found Claimant had a 31.88% monaural hearing loss in his right ear. R.R. at 43a, 46a. On February 20, 2008, Aaron L. Shapiro, M.D., conducted an independent medical examination of Claimant, after which he opined, "I believe that [Claimant] sustained a cochlear concussion in a motor vehicle accident, resulting in right-sided hearing loss." R.R. at 47a. In its defense, Employer relied upon Dr. Shaffer's report. Utilizing the above-referenced formula to convert Claimant's monaural hearing loss to binaural impairment rating, Claimant's binaural impairment as stated by Dr. Shaffer is 5.31%.[6] This is below the 10% threshold set forth in Section 306(c)(8)(iii).

Because the Board improperly affirmed the WCJ's determination that Section 306(8)(iii) of the Act did not apply to Claimant's trauma-related monaural hearing loss, and because Claimant's binaural

impairment as stated by Dr. Shaffer is below the 10% threshold set forth in Section 306(c)(8)(iii) of the Act, the decision of the Board is, hereby, reversed.

### ORDER

AND NOW, this 10th day of November, 2010, the May 19, 2010 order of the Workers' Compensation Appeal Board is reversed.

---

**6.** [5 × (0% hearing impairment in better ear) + (31.88 % impairment in poorer ear) ] / 6 = 5.31%.